**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**v.**               **Case No. 8:08-cr-379-T-23TBM**

**JAMES CHAMBERS,**

   **Defendant.**

              /

## REPORT AND RECOMMENDATION

   THIS MATTER is before the Court on referral by the Honorable Steven D.

Merryday for a Report and Recommendation on Defendant's Application to Proceed Without

Prepayment of Fees and Affidavit (Doc. 60), which is construed as a motion for leave to

proceed on appeal without prepayment of fees/costs ("Motion").  Defendant seeks to appeal

the Court's Order (Doc. 58) denying his Motion to Compel for Specific Performance of Plea

Agreement (Doc. 57) dated December 27, 2013.  The government has not filed a response.

As explained below, I recommend that the Motion be denied.

            A.

   Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern

the determination of applications to proceed *in forma pauperis* on appeal.  *See Ex parte*

*Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007).  Rule

24(a) of the Rules of Appellate Procedure provides in part:

     **(1) Motion in the District Court**.  Except as stated in Rule
     24(a)(3), a party to a district-court action who desires to

appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:

**(A)**    shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

**(B)**    claims an entitlement to redress; and

**(C)**    states the issues that the party intends to present on appeal.

**(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

**(A)**    the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or

**(B)**    a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

2

\*\*\*

An appeal may not be taken in forma pauperis if the trial
court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).  Thus, two requirements must be satisfied for a party to prosecute

an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party

previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in

good faith.

## B.

Regarding the first requirement, Defendant submits an Application to Proceed

Without Prepayment of Fees and Affidavit.  Instructions on the Application direct that

prisoners, such as Defendant, "submit an affidavit stating all assets. . . . [and] attach a

statement certified by the appropriate institutional officer showing all receipts, expenditures,

and balances during the last six months in [the prisoner's] institutional account."  (Doc. 60 at

2).  Defendant attaches an "Inmate Inquiry," which documents an account balance of

$1,280.95; "Available Funds to be Considered for IFRP Payments" of $215.00; and a

"National 6 Months Avg Daily Balance" of $1,266.92.  The document is not certified.  Nor

does the information contained therein necessarily demonstrate Defendant's inability to pay

the filing fee or portion thereof.  The Motion should be denied on these grounds.

3

The Motion also should be denied on substantive grounds.  Construed liberally,[1] any basis for appeal appears frivolous and thus the appeal is not brought in good faith.[2]  Here, Defendant seeks to appeal the Court's Order (Doc. 58) denying his Motion to Compel for Specific Performance of Plea Agreement (Doc. 57).  In his Notice of Appeal (Doc. 59), Defendant asserts no basis to appeal the Court's Order denying his Motion to Compel for Specific Performance of Plea Agreement (Doc. 57) and alleges no grounds which would support the same.  As for the rulings set forth in the challenged Order, on the facts considered and pleadings reviewed, there simply is no support for finding that the government breached the terms of the Plea Agreement or that there existed an adequate basis for the exercise of mandamus jurisdiction as urged in Defendant's Motion (Doc. 57).

The Plea Agreement provides that:

> If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentence recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the

---

[1]The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[2]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

4

> government agrees to consider whether such cooperation
> qualifies as "substantial assistance" in accordance with the
> policy of the United States Attorney for the Middle District
> of Florida, warranting the filing of a motion for reduction of
> sentence within one (1) year of the imposition of sentence
> pursuant to Fed. R. Crim. P. 35(b).[3]

To the extent Defendant contends his cooperation was "complete" at the time of sentencing, it was not. As reflected in the government's subsequent Rule 35 motion, while Defendant assisted law enforcement *prior to* sentencing by successfully negotiating drug deals with his long-time supplier, Defendant also agreed to testify against his long-time supplier, which was to occur after sentencing (the supplier pled guilty in January 2010 after learning Defendant would testify against him at trial). Thus, Defendant's cooperation was not complete at sentencing on April 13, 2009. Because his cooperation was not complete, the government was not required to consider whether the Defendant's cooperation warranted the filing of a motion recommending a downward departure under § 5K1.1 or the imposition of a sentence below the statutory minimum *prior to* sentencing. And, given the wording of the Plea Agreement, the government was not required to recommend either one after sentencing. Here, the government recommended a two-level departure, which, while not resulting in a

---

[3]Section 5K1.1 of the Sentencing Guidelines provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Likewise, 28 U.S.C. § 3553 provides that, "[u]pon motion of the Government, the [district] court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." And, under Rule 35, the district court may, on a motion made by the government within one year of sentencing, reduce a defendant's sentence if the defendant provided substantial assistance in the investigation or prosecution of another person after the defendant was sentenced. Fed. R. Crim. P. 35(b)(1).

sentence below the statutory five-year minimum, is consistent with the terms of the Plea Agreement.  Contrary to Defendant's suggestion, the Plea Agreement did not require the government to recommend a sentence below the five-year statutory minimum.

Absent a showing that the terms of the Plea Agreement were breached by the government's failure to move under 18 U.S.C. § 3553(e) *prior to, at, or post* sentencing for imposition of a sentence below the five-year mandatory minimum, there exists no arguable basis to support an appeal given the plain terms of the Plea Agreement.  Indeed, Defendant ignores the provision of the Plea Agreement which states:

> In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot, and will not, challenge that determination, whether by appeal, collateral attack or otherwise.

(Doc. 58 at 3).

Furthermore, even if Defendant were able to demonstrate that the government breached the terms of the Plea Agreement, he still would not be entitled to mandamus relief because there existed an adequate alternative remedy, namely, a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  *See United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008) (concluding that a § 2255 motion may be used to enforce promises made in a plea agreement).  In sum, Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to the Order denying his Motion to Compel Specific Performance of Plea Agreement. As such, I find his appeal both frivolous and lacking good faith.

6

C.

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY**

Defendant's construed motion for leave to proceed on appeal with prepayment of fees/costs

(Doc. 60) on grounds that the appeal is frivolous and certify that the appeal is therefore not

taken in good faith.  It is **RECOMMENDED** further that the Clerk be directed to notify the

Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of

Appellate Procedure.

Respectfully submitted this
21st day of February 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Failure to file written objections to this Report and Recommendation within fourteen

(14) days from the date of its service shall bar an aggrieved party from attacking such Report

and Recommendation before the assigned United States District Judge.  28 U.S.C.

§ 636(b)(1)(B); M.D. Fla. R. 6.02.


Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record
Pro se Defendant